397 So.2d 410 (1981)
Bertha Miller IVANHOE, Appellant/Cross Appellee,
v.
James IVANHOE, Appellee/Cross Appellant.
No. 80-1068.
District Court of Appeal of Florida, Fifth District.
April 22, 1981.
Berrien Becks, Jr. of Becks, Becks & Wickersham, Daytona Beach, for appellant/cross appellee.
Garrett L. Briggs and Isham W. Adams of Adams & Briggs, Daytona Beach, for appellee/cross appellant.
FRANK D. UPCHURCH, Jr., Judge.
Appellant/wife appeals from a final judgment dissolving the marriage and upholding an antenuptial agreement. Appellee/husband cross-appeals an award of permanent alimony.
We find there was substantial, competent evidence to sustain the trial court's decision to uphold the agreement and AFFIRM. The question raised by the cross-appeal presents us with a more difficult question.
*411 The agreement contained a provision which obligated the husband to pay the wife the sum of $10,000. The trial judge found that this was, in effect, the payment "for, or instead of, support, maintenance or alimony," and that there had been a significant change in circumstances. Therefore, husband should be required to pay permanent alimony. We reluctantly disagree and REVERSE.
The agreement clearly stated, "the sum of ($10,000) Dollars as a settlement in full of any and all rights and interest resulting from the marriage, including alimony ... ." (Emphasis added.)
A party, by agreement, may waive all right to alimony. Kirkconnell v. Kirkconnell, 222 So.2d 441 (Fla.2d DCA 1969). The language of this agreement clearly designated the $10,000 as settlement in full of all rights to alimony. We therefore reverse the portion of the judgment requiring payment of permanent alimony.
AFFIRMED in part, REVERSED in part.
ORFINGER and COBB, JJ., concur.